#### IN THE

## SUPREME COURT

#### OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, FEBRUARY TERM, 1827.

*BIGELOW & AL.* vs. *PIGNEGUY.*

APPEAL from the court of the first district.

When the proof leaves the merits doubtful, the court will not interfere with the verdict.

PORTER, J. delivered the opinion of the court. This action was instituted to recover the price of a coach which the plaintiff alleges he placed in the hands of the defendant for sale. The petition avers that the defendant gave to the plaintiff a note of one Lauret, indorsed by Mrs. Rousseau, stating, at the time of delivery, that he had received it in payment of the coach, when, in truth, such was not the fact; that suit had been instituted against the drawer and indorser of said note, but that the money could not be obtained from them : and that the defendant was indebted

EasternDis'ct
Feb'uary, 827

BIGELOW
vs
PIGNEGUY.

to the petitioner for the price of the coach, and the costs which he had expended in bringing suit on the note delivered to him.

The general issue was pleaded. The first jury, to whom the cause was submitted, could not agree, and were discharged. The second found a verdict in favour of the plaintiff for $475. A motion was made by the defendant for a new trial, which motion being over-ruled, and judgment rendered in conformity with the finding of the jury, he appealed.

The defence set up is, that the defendant purchased the coach, and that the note was given in payment to the plaintiff.

The appellant has made in this court, the following points :—

1.—That the verdict is not supported by the evidence, inasmuch as the plaintiff having chosen to resort to interrogatories, the answer of the defendant must be received as true, unless contradicted by legal testimony.

2.—That the verdict cannot be executed.

3.—That the judgment is not conformable to the verdict.

4.—That the note cannot now be returned in the same state in which it was received.

There are two other points filed, but they

amount to nothing more than observations on the evidence.

Eastern dis'et
Feb'ary, 1827

BIGELOW
vs
PIGNEGUY.

It is the settled jurisprudence of the court, not to set aside the verdict of a jury, unless the weight of evidence is clearly against it. This case has been before two juries ; one could not agree, and the other found for the plaintiff. If it were tried twice again on the same testimony, and return here, we should still doubt on which side the proof preponderated ; and, therefore, we ought not to interfere with the verdict as it now stands. The answer of the defendant to the interrogatories is not contradicted in direct terms by any of the witnesses; but it is by the facts, as proved by them, and by the written account furnished by the plaintiff. We have paid due attention to the observations made on the evidence by counsel, but after all the consideration we can give to the proof and the argument, our minds are left in uncertainty ; and with such an opinion, we cannot set aside a verdict which twelve men who knew the parties and the witnesses have formed, and which the judge below, who saw them and heard them, would not interfere with.

II.—The second point in the cause is, that the verdict cannot be executed.

The verdict is in the following words :—" We, of the jury, find for the plaintiff in the sum of $475 ; and the plaintiff to return the defendant the note in question as he received it, with no other cost thereon, except that of protest "

The first branch of the verdict is very intelligible ; and, we think, there is little difficulty in the second. The defendant has argued that, as the parties to the note have failed since it was given, it cannot be returned in the same situation. But the obvious meaning of the jury was, that the note should be returned in the same state it was received, without alterations or erasures that would destroy its legal effect. If it be so returned, the note is as received—it is unaltered, though the fortunes of the parties to it may be changed.

III.—The judgment appears to us conformable to the verdict. It orders the defendant to pay the money, and the plaintiff to return the note. It was not necessary to add, in the words of the verdict, *as received*, because it is implied in the order to return the note.

IV.—The fourth point is disposed of by the observations made on the second.

The appellee has prayed that the judgment might be amended in his favour; or that, if it is not, ten per cent. damages be awarded to him for the injury sustained by appeal. But the court cannot assent to either of these demands. The observations already made in the case, answer the prayer for damages. The difficulties which it presents are too great to authorise us to say the appellant should be mulcted in damages, for asking for our judgment on it. Nor can we add to the amount found by the jury. If we interfered at all with the verdict, we should remand the cause, and that has not been prayed for.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for the plaintiff, *Denis* for the defendant.